JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>CHASE FINANCIAL FUNDING, INC., et al.,<br><br>Defendants. | Case No. 8:04-CV-00549-R-PLA<br><br>[PROPOSED] FINAL JUDGMENT AND ORDER FOR PERMANENT INJUNCTION AND OTHER EQUITABLE RELIEF AGAINST DEFENDANTS CHASE FINANCIAL FUNDING, INC., JAMES F. BERRY, SUZANNE ADMIRE, AND JEREMY ALEXANDER |

Plaintiff Federal Trade Commission ("FTC") commenced this civil action on May 12, 2004, pursuant to Sections 5(a) and 13(b) of the FTC Act, 15 U.S.C. §§45(a) and 53(b), and Section 108(c) of the Truth in Lending Act ("TILA"), 15 U.S.C. §1607(c), against Defendants Chase Financial Funding, Inc., James F. Berry, Suzanne Admire, and Jeremy Alexander to obtain preliminary and permanent injunctive and other equitable relief for engaging in unfair or deceptive acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. §45(a), and acts or practices in violation of TILA, 15 U.S.C. §1601 et seq., and its implementing Regulation Z, 12 C.F.R. Part 226. The FTC and Defendants have stipulated to entry of a Final Judgment and Order for Permanent Injunction and Other Equitable Relief to resolve all matters in dispute in this action between them. The FTC has subsequently filed a motion to enter final judgment on the terms stipulated to by the parties, modified to reflect payments that Defendants made after entering into the stipulation.

1

Good cause appearing, IT IS THEREFORE, ORDERED, ADJUDGED, AND DECREED that this Final Judgment and Order for Permanent Injunction and Other Equitable Relief ("Order") be entered as follows:

## FINDINGS

1. This Court has jurisdiction over the subject matter of this case and the parties hereto.

2. Venue lies properly with this Court.

3. The activities of Defendants Chase Financial Funding, Inc., James F. Berry, Suzanne Admire, and Jeremy Alexander are in or affecting commerce, as defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

4. Plaintiff FTC's claims against Chase Enterprises, LLC and WCM QSUB-34 are hereby dismissed with prejudice.

5. Plaintiff's Complaint states a claim upon which relief may be granted against Defendants Chase Financial Funding, Inc., James F. Berry, Suzanne Admire, and Jeremy Alexander under Section 5(a) of the FTC Act, 15 U.S.C. § 45(a); TILA, 15 U.S.C. § 1601 et seq.; and its implementing Regulation Z, 12 C.F.R. Part 226.

6. Defendants Chase Financial Funding, Inc., James F. Berry, Suzanne Admire, and Jeremy Alexander waive all rights to seek appellate review or otherwise challenge or contest the validity of this Order. Defendants Chase Financial Funding, Inc., James F. Berry, Suzanne Admire, and Jeremy Alexander further waive and release any claim they may have against the Commission, its employees, representatives, or agents.

2

7. Defendants Chase Financial Funding, Inc., James F. Berry, Suzanne Admire, and Jeremy Alexander agree that this Order does not entitle them to seek or to obtain attorneys' fees as a prevailing party under the Equal Access to Justice Act, 28 U.S.C. § 2412, as amended, and Defendants further waive any rights to attorneys' fees that may arise under said provision of law.

8. This action and the relief awarded herein are in addition to, and not in lieu of, other remedies as may be provided by law, including both civil and criminal remedies.

9. This Order does not constitute and shall not be interpreted to constitute an admission by Defendants Chase Financial Funding, Inc., James F. Berry, Suzanne Admire, and Jeremy Alexander that they have engaged in violations of any law or regulation.

10. This Order is in the best interests of all the parties to this action and is in the public interest.

## DEFINITIONS

For purposes of this Order:

1. "CFF" or "Defendant CFF" means Chase Financial Funding, Inc., and its successors and assigns, by whatever names they might be known.

2. "Clearly and conspicuously" means:

    A. For print communications, the message shall be in a type size and location sufficiently noticeable for an ordinary consumer to read and comprehend it, in print that contrasts with the background against which it appears.

  B. In communications disseminated orally, the message shall be delivered in a volume and cadence sufficient for an ordinary consumer to comprehend it.

  C. In communications made through an electronic medium (such as television, video, radio, and interactive media such as the Internet, online services, and software), the message shall be presented simultaneously in both the audio and visual portions of the communication.  In any communication presented solely through visual or audio means, the message may be made through the same means by which the communication is presented.  Any audio message shall be delivered in a volume and cadence sufficient for an ordinary consumer to hear and comprehend it.  Any visual message shall be of a size and shade, with a degree of contrast to the background against which it appears, and shall appear on the screen for a duration and in a location sufficiently noticeable for an ordinary consumer to read and comprehend it.

The message shall be in understandable language and syntax.  Nothing contrary to, inconsistent with, or in mitigation of the message shall be used in any communication.

  3. "Defendants" means CFF, James F. Berry, Suzanne Admire, and Jeremy Alexander, and each of them, by whatever names they might be known.

  4. "Document" is synonymous in meaning and equal in scope to the usage of the term in Federal Rule of Civil Procedure 34(a), and includes writings,

drawings, graphs, charts, photographs, audio and video recordings, computer records, and other data compilations from which information can be obtained and translated, if necessary, into reasonably usable form through detection devices. A draft or non-identical copy is a separate document within the meaning of the term.

5. "Eligible Loan" means any loan provided by or brokered through CFF, where Defendants represented to the borrower(s) at or before closing that the borrower(s) would not have to pay one or more fees if the borrower(s) refinanced the loan through CFF.

6. "Individual Defendants" means James F. Berry, Suzanne Admire, and Jeremy Alexander, or any of them.

7. "Plaintiff" means the Federal Trade Commission.

8. "Regulation Z" means the regulation the Federal Reserve Board ("FRB") promulgated to implement TILA, 12 C.F.R. Part 226. The term also includes the FRB Official Staff Commentary on Regulation Z, 12 C.F.R. Part 226, Supp. 1. The terms "annual percentage rate," "consumer credit," and "finance charge" are defined as set forth in Sections 226.2, 226.4, and 226.22 of Regulation Z, 12 C.F.R. §§ 226.2, 226.4, & 226.22.

9. "TILA" means the Truth in Lending Act, 15 U.S.C. §§ 1601-1666j.

I. **INJUNCTION AGAINST MISREPRESENTATIONS**

**IT IS THEREFORE ORDERED** that, in connection with the advertising, promotion, offering or sale of goods or services using the Internet (including but not limited to e-mail or websites) or the advertising, offering, or extending of credit in or affecting commerce, Defendants, and each of them, and their officers, directors, agents, representatives, employees, subsidiaries, affiliates, successors,

assigns, and all persons or entities in active concert or participation with them who receive actual notice of this Order by personal service, facsimile, or otherwise, are hereby permanently restrained and enjoined from making, or assisting others in making, any express or implied misrepresentation, in any manner, directly or indirectly, to any consumer or entity, including but not limited to misrepresenting, expressly or by implication:

    A.     the payment schedule of the loan;

    B.     the monthly payment amount, interest rate, annual percentage rate, finance charge, loan amount, loan term, or any other term of repayment;

    C.     the savings associated with the loan;

    D.     the amount of cash to be disbursed to the borrower out of the loan proceeds, or the amount of cash to be disbursed on behalf of the borrower to any third parties;

    E.     that payment of the minimum amount specified each month covers both interest and principal;

    F.     that the loan does not have a prepayment penalty;

    G.     that no prepayment penalty and/or other fees or costs will be incurred if the consumer subsequently refinances through Defendants; and

    H.     that the interest rate of the loan is fixed rather than adjustable or adjustable rather than fixed.

## II. INJUNCTION REQUIRING DISCLOSURE OF NON-FULLY AMORTIZING LOANS

**IT IS FURTHER ORDERED** that, in connection with the advertising, promotion, or offering to consumers of any loan where payment of the minimum required monthly payment does not result in full amortization of the loan for that period, Defendants, and each of them, and their officers, directors, agents, representatives, employees, subsidiaries, affiliates, successors, assigns, and all persons or entities in active concert or participation with them who receive actual notice of this Order by personal service, facsimile, or otherwise, are hereby permanently restrained and enjoined from failing to disclose clearly and conspicuously all circumstances under which payment of the minimum monthly amount will not result in full amortization of the loan, and the effect that making such a minimum payment will have on the principal balance and payment schedule of the loan.

## III. INJUNCTION AGAINST VIOLATIONS OF TILA AND REGULATION Z

**IT IS FURTHER ORDERED** that, in connection with the advertising, promotion, offering, or extension of consumer credit, Defendants, and each of them, and their officers, directors, agents, representatives, employees, subsidiaries, affiliates, successors, assigns, and all persons or entities in active concert or participation with them who receive actual notice of this Order by personal service, facsimile, or otherwise, are hereby permanently restrained and enjoined from violating TILA and/or Regulation Z by:

A. advertising credit terms other than those terms that actually are or will be arranged or offered by the creditor, in violation of Section 226.24(a) of Regulation Z, 12 C.F.R. § 226.24(a);

B. stating a rate of finance charge in an advertisement without clearly and conspicuously disclosing the accurate "annual percentage rate," and, if the annual percentage rate may be increased after consummation, that fact, in violation of Sections 144(c) and 107 of TILA, 15 U.S.C. §§ 1664(c) & 1606, and Sections 226.24(b) and 226.22 of Regulation Z, 12 C.F.R. §§ 226.24(b) & 226.22;

C. advertising a payment rate in a transaction where the consumer's payments are based upon a lower interest rate than the rate at which interest is accruing, without also making all other disclosures required by Section 226.24(b)-4 of the FRB Official Staff Commentary on Regulation Z, 12 C.F.R. § 226.24(b)-4, Supp. 1 (including the rate at which interest is in fact accruing and the annual percentage rate);

D. stating the period of repayment and/or the amount of a payment in an advertisement, but failing to disclose clearly and conspicuously: (1) the terms of repayment and/or (2) the annual percentage rate, using that term, and, if the rate may be increased after consummation, that fact, in violation of Section 144(d) of TILA, 15 U.S.C. § 1664(d), and Section 226.24(c) of Regulation Z, 12 C.F.R. § 226.24(c); or

E. failing to comply in any other respect with TILA and/or Regulation Z.

## IV. INJUNCTION AGAINST DECEPTIVE SUBJECT HEADINGS

**IT IS FURTHER ORDERED** that Defendants, and each of them, and their officers, directors, agents, representatives, employees, subsidiaries, affiliates, successors, assigns, and all persons or entities in active concert or participation with them who receive actual notice of this Order by personal service, facsimile, or otherwise, are hereby permanently restrained and enjoined from initiating the transmission of any commercial electronic mail messages that contain deceptive subject headings.

## V. FEES FOR REFINANCING

**IT IS FURTHER ORDERED** that, for any Eligible Loan as defined above, Defendant CFF, and its officers, directors, agents, representatives, employees, subsidiaries, affiliates, successors, assigns, and all persons or entities in active concert or participation with them who receive actual notice of this Order by personal service, facsimile, or otherwise, are hereby permanently enjoined and restrained from charging any fees to refinance the Eligible Loan that Defendants represented to the borrower(s) at or before the Eligible Loan's closing that the borrower(s) would not have to pay if the borrower(s) refinanced the Eligible Loan through CFF. In connection with any refinancing of an Eligible Loan, Defendant CFF shall offer each borrower the best interest rate and program available for that borrower from the lenders used by Defendant CFF, using standard underwriting criteria, given the borrower's credit score, type of loan desired, proposed loan-to-value ratio, proposed debt-to-income ratio, length of time in residence, length of time in current job, and other standard and appropriate underwriting criteria used at the time of application.

VI.     **INTENTIONALLY LEFT BLANK**

VII.     **INTENTIONALLY LEFT BLANK**

VIII.     **COMPLIANCE MONITORING**

**IT IS FURTHER ORDERED** that, for the purpose of monitoring and investigating compliance with any provision of this Order,

A.     Within ten (10) days of receipt of written notice from a representative of the Commission, Defendants CFF, James F. Berry, Suzanne Admire, and Jeremy Alexander each shall submit additional written reports, sworn to under penalty of perjury; produce documents for inspection and copying; appear for deposition; and/or provide entry during normal business hours to any business location in such defendant's possession or direct or indirect control to inspect the business operation;

B.     In addition, the Commission is authorized to monitor compliance with this Order by all other lawful means, including but not limited to the following:

    1.     obtaining discovery from any person, without further leave of court, using the procedures proscribed by Fed. R. Civ. P. 30, 31, 33, 34, 36, and 45;

    2.     posing as consumers and suppliers to: Defendants CFF, James F. Berry, Suzanne Admire, and Jeremy Alexander, their employees, or any other entity managed or controlled in whole or in part by Defendants CFF, James F. Berry, Suzanne

    Admire, and Jeremy Alexander, without the necessity of identification or prior notice; and

C. Defendants CFF, James F. Berry, Suzanne Admire, and Jeremy Alexander shall permit representatives of the Commission to interview any employer, consultant, independent contractor, representative, agent, or employee who has agreed to such an interview, relating in any way to any conduct subject to this Order. The person interviewed may have counsel present.

***Provided, however,*** that nothing in this Order shall limit the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1, to obtain any documentary material, tangible things, testimony, or information relevant to unfair or deceptive acts or practices in or affecting commerce (within the meaning of 15 U.S.C. § 45(a)(1)).

IX. **COMPLIANCE REPORTING BY DEFENDANTS**

**IT IS FURTHER ORDERED** that, in order that compliance with the provisions of this Order may be monitored:

A. For a period of five (5) years from the date of entry of this Order,

 1. Defendants James F. Berry, Suzanne Admire, and Jeremy Alexander shall each notify the Commission of the following:

  a. Any changes in the defendant's residence, mailing addresses, and telephone numbers, within ten (10) days of the date of such change;

11

Case 8:04-cv-00549-R-PLA Document 84-4 Filed 10/1/11 Page 12 of 19 Page ID #:253

  b. Any changes in the defendant's employment status (including self-employment), and any change in the defendant's ownership in any business entity, within ten (10) days of the date of such change. Such notice shall include the name and address of each business that the defendant is affiliated with, employed by, creates or forms, or performs services for; a statement of the nature of the business; and a statement of the defendant's duties and responsibilities in connection with the business or employment; and

  c. Any changes in the defendant's name or use of any aliases or fictitious names; and

2. Defendants CFF and James F. Berry shall notify the Commission of any changes in corporate structure of Defendant CFF, and Defendant James F. Berry, Suzanne Admire, and/or Jeremy Alexander shall notify the Commission of any changes in corporate structure of any business entity that he or she directly or indirectly controls, or has an ownership interest in, that may affect compliance obligations arising under this Order, including but not limited to a dissolution, assignment, sale, merger, or other action that would result in the emergence of a successor entity; the creation or dissolution of a subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order; the filing of a bankruptcy petition; or a change in

12

Case 8:04-cv-00549-R -PLA Document 84-4 Filed 10/17/11 Page 13 of 19 Page ID #:254

the corporate name or address, at least thirty (30) days prior to such change, *provided that*, with respect to any proposed change in the corporation about which the defendant(s) learns less than thirty (30) days prior to the date such action is to take place, defendant(s) shall notify the Commission as soon as is practicable after obtaining such knowledge.

B. One hundred eighty (180) days after the date of entry of this Order, Defendants CFF, James F. Berry, Suzanne Admire, and Jeremy Alexander each shall provide a written report to the FTC, sworn to under penalty of perjury, setting forth in detail the manner and form in which they have complied and are complying with this Order. This report shall include, but not be limited to:

1. For the Individual Defendants:

   a. The Individual Defendant's then-current residence address, mailing addresses, and telephone numbers;

   b. The Individual Defendant's then-current employment and business addresses and telephone numbers, a description of the business activities of each such employer or business, and the Individual Defendant's title and responsibilities, for each such employer or business; and

   c. Any other changes required to be reported under subparagraph A of this Section.

2. For Defendants CFF, James F. Berry, Suzanne Admire, and Jeremy Alexander:

    a. A copy of each acknowledgment of receipt of this Order, obtained pursuant to Section XII; and

    b. Any other changes required to be reported under subparagraph A of this Section.

  C. For the purposes of this Order, Defendants shall, unless otherwise directed by the Commission's authorized representatives, mail all written notifications to the Commission to:

    Associate Director, Division of Financial Practices

    Federal Trade Commission

    600 Pennsylvania Ave., NW, Mailstop NJ-3158

    Washington, DC 20580

    <u>Re:</u> FTC v. Chase Financial Funding, Inc. et al.

  D. For purposes of the compliance reporting and monitoring required by this Order, the Commission is authorized to communicate directly with Defendants CFF, James F. Berry, Suzanne Admire, and Jeremy Alexander.

**X.** **MONITORING COMPLIANCE OF SALES PERSONNEL**

  **IT IS FURTHER ORDERED** that, in connection with any activities by CFF or any other business where Defendant James F. Berry, Defendant Suzanne Admire, or Defendant Jeremy Alexander is the majority owner or otherwise controls the business, Defendants are hereby permanently restrained and enjoined from:

  A. Failing to take reasonable steps sufficient to monitor and ensure that all employees and independent contractors engaged in sales or other

Case 8:04-cv-00549-R-PLA Document 84-4 Filed 10/17/11 Page 15 of 19 Page ID #:233

    customer service functions ("salespersons") comply with Sections I-V of this Order. Such steps shall include adequate monitoring of sales presentations or other calls with customers, and shall also include, at a minimum, the following: (1) listening to the oral representations made by salespersons; (2) establishing a procedure for receiving and responding to consumer complaints; and (3) ascertaining the number and nature of consumer complaints regarding transactions in which each salesperson is involved;

 B. Failing promptly to investigate fully any consumer complaint received by any business to which this Section applies; and

 C. Failing to take corrective action with respect to any salesperson whom Defendant CFF, James F. Berry, Suzanne Admire, or Jeremy Alexander determines is not complying with this Order, which may include training, disciplining, and/or terminating such salesperson.

## XI.  RECORD KEEPING PROVISIONS

**IT IS FURTHER ORDERED** that, for a period of eight (8) years from the date of entry of this Order (a) Defendant CFF and its agents, employees, officers, corporations, successors, and assigns, and those persons in active concert or participation with them who receive actual notice of this Order by personal service, facsimile, or otherwise; and (b) each Individual Defendant, in connection with any other business engaged in the brokering or provision of financial services in which the Individual Defendant is the majority owner or otherwise controls the business, and their agents, employees, officers, corporations, successors, and assigns, and those persons in active concert or participation with them who receive actual notice

of this Order by personal service, facsimile, or otherwise, are hereby restrained and enjoined from failing to create and retain the following records:

    A.    Accounting records that reflect the cost of goods or services sold, revenues generated, and the disbursement of such revenues;

    B.    Personnel records accurately reflecting: the name, address, and telephone number of each person employed in any capacity by such business, including as an independent contractor; that person's job title or position; the date upon which the person commenced work; and the date and reason for the person's termination, if applicable;

    C.    Customer files containing the names, addresses, phone numbers, dollar amounts paid, quantity of items or services purchased, and description of items or services purchased, to the extent such information is obtained in the ordinary course of business;

    D.    Complaints and refund and rescission requests (whether received directly, indirectly or through any third party) and any responses to those complaints or requests;

    E.    Copies of all sales scripts, training materials, advertisements, or other marketing or promotional materials, including but not limited to each different print, broadcast, Internet, or online service advertisement;

    F.    Copies of all correspondence with consumers; and

    G.    All records and documents necessary to demonstrate full compliance with each provision of this Order, including but not limited to, copies of acknowledgments of receipt of this Order, required by Section XII, and all reports submitted to the FTC pursuant to Sections VIII and IX.

## XII. DISTRIBUTION OF ORDER BY DEFENDANTS

IT IS FURTHER ORDERED that, for a period of five (5) years from the date of entry of this Order, Defendants shall deliver copies of the Order as directed below:

A. Defendant CFF must deliver a copy of this Order to all of its principals, officers, directors, and managers. Defendant CFF also must deliver copies of this Order to all of its employees, agents, and representatives who engage in conduct related to the subject matter of the Order. For current personnel, delivery shall be within five (5) days of service of this Order upon Defendant. For new personnel, delivery shall occur prior to them assuming their responsibilities.

B. For any business that an Individual Defendant controls, directly or indirectly, or in which an Individual Defendant has a majority ownership interest, the Individual Defendant must deliver a copy of this Order to all principals, officers, directors, and managers of that business. The Individual Defendant must also deliver copies of this Order to all employees, agents, and representatives of that business who engage in conduct related to the subject matter of the Order. For current personnel, delivery shall be within five (5) days of service of this Order upon the Individual Defendant. For new personnel, delivery shall occur prior to them assuming their responsibilities.

C. For any business where an Individual Defendant is not a controlling person of a business but otherwise engages in conduct related to the subject matter of this Order, the Individual Defendant must deliver a

17

copy of this Order to all principals and managers of such business before engaging in such conduct.

D. Defendants CFF, James F. Berry, Suzanne Admire, and Jeremy Alexander must secure a signed and dated statement acknowledging receipt of the Order, within thirty (30) days of delivery, from all persons receiving a copy of the Order pursuant to this Section.

## XIII. ACKNOWLEDGMENT OF RECEIPT OF ORDER BY DEFENDANTS

**IT IS FURTHER ORDERED** that Defendants CFF, James F. Berry, Suzanne Admire, and Jeremy Alexander each, within five (5) business days of receipt of this Order as entered by the Court, must submit to the Commission a truthful sworn statement acknowledging receipt of this Order.

## XIV. END OF PRELIMINARY INJUNCTION

Upon entry, this Order supplants the Stipulated Preliminary Injunction entered herein on June 1, 2004.

## XV. RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for purposes of construction, modification and enforcement of this Order.

## XVI. FEES AND COSTS

**IT IS FURTHER ORDERED** that each party to this Order hereby agrees to bear its own costs and attorneys' fees incurred in connection with this action.

18

## XVII. ENTRY OF THIS JUDGMENT

**IT IS FURTHER ORDERED** that, as there is no just reason for delay of entry of this judgment, pursuant to Fed. R. Civ. P. 54(b), the Clerk shall enter this Order immediately.

**IT IS SO ORDERED**, this 2nd day of October, 2011.

_____
Hon. Manuel L. Real
United States District Judge

19